FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

98 JUN 22 AM 10: 59

U.S. DISTRICT COURT
N.D. OF ALABAMA

CORA SANDERS,                          )
    Plaintiff,                     )
                         )
v.                                     )    No. CV-97-P-1398-W
                         )
HLC PROPERTIES, INC., et al.,          )
    Defendants.                    )

ENTERED

JUN 22 1998

**OPINION**

Defendants HLC Properties, Inc. and Masters Economy Inns, Inc. filed a Motion for
Summary Judgment that was considered at the May 29, 1998 motion docket. For the following
reasons, this motion is due to be granted.

Facts[1]

In October, 1990, the plaintiff began her employment with Masters Economy Inn, a hotel
privately owned by HLC Properties, Inc. Two promotions resulted in the plaintiff's position as
Executive Housekeeper. Her immediate supervisor was Carole Files, General Manager of the hotel.
The employer's Standards of Conduct, which the plaintiff signed, provide that employees may be
immediately terminated for, among other reasons, refusing to obey a supervisor's direct instructions.

On January 13, 1995, the plaintiff and a group of housekeeping employees went to Ms.
Files's office and requested that she contact her supervisor about the group's complaints concerning
Ms. Files's mistreatment of them, including alleged racial discrimination and racial slurs. The
plaintiff told Ms. Files that the group would refuse to work until Ms. Files scheduled a meeting with

---

[1] The recitation of "facts" is based upon the presented materials viewed in the light most
favorable to the plaintiff.

her supervisor. Ms. Files contacted a company official who advised the plaintiff and the group to return to work until he could arrange a time to investigate the matter. After the plaintiff and the group refused to work until they could meet with the company official, Ms. Files, upon the official's instructions, told each employee that she would be fired if she did not return to work. Six employees, including the plaintiff, were terminated on January 13, 1995. All were black, as were all the employees who returned to work. The plaintiff's position was subsequently filled by a black woman.

On February 23, 1995, the plaintiff filled out a discharge questionnaire for the EEOC. On June 11, 1996, the plaintiff filed an EEOC charge alleging discriminatory termination, hostile environment, and retaliation. The plaintiff filed her complaint in this court on June 6, 1997, alleging claims under 42 U.S.C. § 2000-e et seq., and 42 U.S.C. §§ 1981, 1983.

## Analysis

The majority of the plaintiff's claims are time-barred. The statute of limitations for claims under Sections 1981 and 1983 is two years after the alleged unlawful act.[2] The plaintiff did not file her complaint until June 6, 1997, more than two years after the alleged discriminatory termination on January 13, 1995. The plaintiff's Title VII hostile environment and retaliation claims are also time-barred because she did not file an EEOC charge within 180 days of the alleged discriminatory event.[3]

---

[2]*See Owens v. Okure*, 488 U.S. 235, 236 (1989); Ala. Code § 6-2-38(1).

[3]*See* 42 U.S.C. § 2000e-5(e) (1994).

To the extent that the plaintiff's completion of an EEOC questionnaire concerning her termination may have constituted a "charge" sufficient to toll the 180-day limitation period, the plaintiff's Title VII termination claim would not be time-barred. However, summary judgment is appropriate because the plaintiff cannot establish a prima facie case of race discrimination. She cannot demonstrate that she was replaced by a white person or terminated while similarly situated white employees who refused to work were retained.[4] Additionally, the plaintiff cannot present evidence that the defendants' legitimate nondiscriminatory reasons for her termination, namely the plaintiff's refusal to return to work and insubordination, were a pretext for race discrimination.[5]

The plaintiff's Section 1983 claims for due process and equal protection violations are also barred because the defendants are privately-owned companies incapable of state action.

Because the plaintiff's claims under §§ 1981, 1983, and Title VII for hostile environment and retaliation are time-barred and because the plaintiff cannot establish a prima facie case of race discrimination, the defendants' Motion for Summary Judgment is due to be GRANTED.

Dated: June 22, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. John A. Bivens
    Mr. Edward S. Allen
    Mr. Douglas B. Kauffman

---

[4] *See Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1525 (11th Cir. 1991).

[5] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3